UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PAULA MARY BEHEE,

v.                                  Case No. 8:02-cr-458-T-17TGW
                                             8:05-cv-1078-T-17TGW

UNITED STATES OF AMERICA.
_____

ORDER

This cause is before the Court on Defendant Paula Mary Behee's motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. Doc. cv-1; cr-147.

BACKGROUND

On December 2, 2003, pursuant to a plea agreement with the United States, Doc. cr-62, Behee pled guilty to one count of conspiring to distribute and to possess with the intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B)(iii). Doc. cr-65. This Court sentenced Behee on November 16, 2004, to seventy months' imprisonment. Doc. cr-122. This Court entered judgment against Behee on November 17, 2004. Doc. cr-124. Behee did not directly appeal from the judgment. She timely filed the instant section 2255 motion on June 6, 2005.

In her section 2255 motion, Behee claims (1) that her conviction violated the prohibition against double jeopardy because she was prosecuted by both the state and the federal government for the same offense and (2) that this Court erroneously assessed her a two-point increase in her offense level based on her commission of the instant offense within two years of her release from prison for a previous offense. Doc. cv-1.

## DISCUSSION

Collateral review pursuant to section 2255 is not a substitute for direct appeal. Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir.), cert. denied, 125 S. Ct. 167 (2004). Consequently, claims of nonconstitutional error are cognizable on collateral review only when the claim could not have been raised on direct appeal and only if the error would, if condoned, "result in a complete miscarriage of justice." Lynn, 365 F.3d at 1232-33 (citing Stone v. Powell, 428 U.S. 465, 477 n.19 (1976)). A claim that a given sentence is contrary to the sentencing guidelines is a nonconstitutional issue that does not provide a basis for collateral relief in the absence of a complete miscarriage of justice. See Burke v. United States, 152 F.3d at 1329, 1331-32 (11th Cir. 1998) (collecting cases), see also United States v. Diaz-Clark, 292 F.3d 1310, 1316 n.4 (11th Cir. 2002) (expressing doubt whether claim concerning sentencing guidelines misapplication would be cognizable even if not successive). Behee has failed to make the requisite showing. Consequently, Behee's claim that this Court erroneously increased her offense level by two points based on when she committed the instant offense is not cognizable.

## PROCEDURAL DEFAULT

Claims that previously were available and were not raised in a prior proceeding are procedurally defaulted and barred from consideration on collateral review. See Bousley v. United States, 523 U.S. 614, 622-24 (1998); United States v. Frady, 456 U.S. 152, 166 (1982); McCoy v. United States, 266 F.3d 1245, 1258 (11th Cir. 2001). "This rule generally applies to all claims, including constitutional claims." Lynn, 365 F.3d at 1234 (citing Reed v. Farley, 512 U.S. 339, 354 (1994)). A defendant can avoid a procedural bar only by establishing (1) cause for not raising the claim of error on direct appeal and actual

prejudice from the alleged error or (2) actual innocence. Lynn, 365 F.3d at 1234.

To show cause for not raising a claim in an earlier proceeding, a defendant must show "some external impediment preventing counsel from constructing or raising the claim." See High v. Head, 209 F.3d 1257, 1262-63 (11th Cir. 2000) (quoting McCleskey v. Zant, 499 U.S. 467, 497 (1991)). To establish prejudice, the defendant must prove that "the errors at trial actually and substantially disadvantaged [her] defense so that he was denied fundamental fairness." See Wright v. Hopper, 169 F.3d 695, 706 (11th Cir. 1999) (internal quotations omitted). This is a heavier burden than the burden of establishing plain error on appeal. See Frady, 456 U.S. at 164.

Behee's double jeopardy claim was available to her on direct appeal and she has not shown cause for and prejudice resulting from her failure to raise it previously. Therefore, she is procedurally barred from raising the claim in this proceeding. For the same reason, Behee also would be procedurally barred from raising her sentencing claim, even assuming it were cognizable. In addition, she does not assert, let alone establish, actual innocence.

Accordingly, the Court orders:

That Behee's motion to vacate (Doc. cv-1; cr-147) is denied, with prejudice. The Clerk is directed to enter judgment against Behee in the civil case and to close that case.

ORDERED at Tampa, Florida, on APRIL 7th, 2006.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

AUSA: Susan H. Rothstein-Youakim; Pro se: Paula Mary Behee